# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANIS TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 c 576 |
| | ) |
| ABT ELECTRONICS, INC, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of the defendant Abt Electronics, Inc. ("Abt") to dismiss Count I and Count II of the plaintiff's complaint pursuant to Fed.R.Civ.P 12(b)(6). For the following reasons, the motion to dismiss is denied.

Plaintiff Janis Taylor ("Taylor") filed her complaint against Defendant, Abt, a business engaged in the sale of electronics, alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2. Taylor worked for Abt from November, 1995 to December, 2001. After leaving Abt in December, 2001, she filed a Charge of Discrimination with the Illinois Department of Human Rights and the EEOC, alleging some, but not all, of the claims Taylor has alleged in her complaint before this Court.

A motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6) does not test whether the plaintiff would prevail on the merits, but instead whether she has properly stated a claim. *See Sheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint are true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997).

Abt argues that some of the allegations in Taylor's complaint are time-barred to the extent that they concern actions that occurred prior to July 21, 2001, the date 300 days before Taylor filed a Charge of Discrimination with the Illinois Department of Human Rights and the EEOC. Abt argues that the remaining allegations are insufficient as a matter of law to sustain a sexual harassment claim. This Court disagrees with Abt, as the allegedly offensive conduct which occurred prior to July 21, 2001 is actionable so long as it constitutes part of an ongoing violation by Abt in which one of the allegedly violative acts falls within the 300-day time period prior to the date Taylor filed her Charge of Discrimination with the IDHR and the EEOC. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002).

Taylor alleges that, beginning in mid-1998 and continuing until she resigned in December 2001, several incidents of opposite-sex and same-sex harassment occurred at Abt. The alleged incidents included the copying, viewing, and circulation of a pornographic video of an Abt employee; Abt employees' open discussion in the workplace of their own sex lives and the sex lives of other employees; refusal by employees to cease open discussion about the sex lives of the employees when Taylor requested they do so; an employee watching pornography at work; sexual relationships between some of the managers and the staff; a manager engaging in a same-sex relationship with a minor employee; a manager kissing a female employee, outside the workplace, against her will; and a manager making sexually-hostile comments to Taylor in person and via e-mails. Taylor alleges that, when she witnessed or was notified of these incidents, she reported them to both the Director of Human Resources and the President of Abt. Taylor also alleges that, after she reported several of these incidents to the Director of HR and the President, she was demoted to a non-supervisory position in late 2001; this demotion included a

pay-cut, and was allegedly due to insubordination. At this time, Taylor resigned from Abt and filed a Charge of Discrimination with the Illinois Department of Human Rights the EEOC on May 21, 2001.

To dismiss a plaintiff's claim as time-barred, this Court would have to find that the allegations in the complaint do not in any way constitute a continuing violation. *See Shipbaugh v. Boys & Girls Club of America*, 883 F. Supp. 295, 298 (N.D. Ill. 1995). In her complaint, Taylor alleges that, while she was acting as a manager for the Abt, she was made aware of several incidents of sexually inappropriate behavior taking place in the workplace from around September, 1999 to December, 2001, and that, in each instance, Taylor notified both the President and the Director of Human Resources for Abt of the alleged misconduct. Abt's motion to dismiss must therefore be denied as it is possible that the allegations could be found to constitute a continuing violation.

Abt also argues that Taylor's claim is barred insofar as Taylor may not allege conduct in the complaint that was not also included in the claim she filed with the Illinois Department of Human Rights and EEOC. This Court disagrees with Abt, as a plaintiff is permitted to bring those claims that are included in the IDHR and EEOC charge *or* that are like or reasonably related to the allegations in the EEOC charge. *Haugerud v. Amery School Dist.*, 259 F.3d 678, 689 (7th Cir. 2001).

To dismiss a claim for a plaintiff's failure to include the claim in the original EEOC charge, this Court would have to find that the additional claims alleged in the complaint would not be considered "like or reasonably related" to the claims brought in the EEOC charge. *Id.* In order for the claims to be considered like or reasonably related to those in the EEOC charge, they

must, at a minimum, describe the same conduct and individuals. *Id.* Because the EEOC charges are completed, not by lawyers, but laypeople, it would be inequitable to require that a plaintiff needed to allege each and every fact that he or she eventually uses to state a claim in a subsequent complaint. *Binion v. Metropolitan Pier and Exposition Authority*, 163 F.R.D. 517, 528 (N.D. Ill. 2003). *See also Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500. Because all of the claims alleged in the complaint deal with the same potentially hostile work environment Taylor claimed in her EEOC charge, the claims in the complaint and the EEOC charge could be alike or reasonably related.

For these reasons, the motion to dismiss is denied. This Court also gives Taylor leave to file an amended complaint with a copy of the Charge of Discrimination filed with the Illinois Department of Human Resources and EEOC attached as an exhibit, as required by law. This case is set for status on Sept. 15, 2005 at 9:00 a.m.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: July 13, 2005