IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANIS TAYLOR, | )<br>) |
| Plaintiff, | )<br>)<br>) Case No. 05 C 576 |
| v. | )<br>) Judge Andersen |
| ABT ELECTRONICS, INC., | )<br>) Magistrate Judge Denlow |
| Defendant. | ) |

## MEMORANDUM OPINION & ORDER

This case is before the Court on the Defendant ABT Electronics, Inc.'s objections to Magistrate Judge Morton Denlow's September 26, 2006 order. For the following reasons, the objections to Magistrate Judge Denlow's order are denied.

### BACKGROUND

In Plaintiff's written discovery responses, she disclosed three physicians and a mental health therapist who may have knowledge of how the alleged stress at Defendant's workplace allegedly aggravated her medical condition. Plaintiff also identified that her therapist allegedly documented reports by Plaintiff of the sexually hostile work environment at Defendant's workplace. Plaintiff made these disclosures to support her claim for emotional distress damages.

Plaintiff subsequently obtained copies of her medical records from these physicians and mental health provider and discovered that their records did not support her claims for emotional distress. As a result, Plaintiff decided to forgo any emotional distress claims other than the "garden variety" type, and Magistrate Judge Denlow so ordered that she would be limited to the same. Plaintiff withdrew these experts and indicated that she would not be presenting their testimony to support her claims of emotional distress. Accordingly, Plaintiff was barred by

Magistrate Judge Denlow from presenting any medical evidence or medical testimony corroborating or enhancing emotional damages claims other than the "garden variety type."

On September 26, 2006, Magistrate Judge Denlow granted Plaintiff's motion for a protective order to bar Defendant from deposing any of Plaintiff's doctors or mental health providers based on Plaintiff's representation that she is seeking only "garden variety" emotional distress damages. Magistrate Judge Denlow order was based on the fact that Plaintiff is now foregoing any claims for the causation or aggravation of any physical condition she may have had and that she agreed not to call any physicians or mental health providers as witnesses. Magistrate Judge Denlow further ordered that Defendant's motion for a limited extension of time to complete discovery is denied and that Defendant's motion to bar Plaintiff from seeking emotional distress damages is denied without prejudice to being raised as a motion in limine before trial. Finally, Magistrate Judge Denlow denied Defendant's request for discovery from Plaintiff's current employer and colleagues and Defendant's request for fees and costs.

Defendant then filed its objections to Magistrate Judge Denlow's ruling.

## DISCUSSION

The district court's review of any discovery-related decisions made by a Magistrate Judge is governed by Fed.R.Civ.P. 72(a), which provides: "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). The "clearly erroneous" standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Id.*

I. Magistrate Judge's Ruling on Therapist Testimony

Magistrate Judge Denlow correctly ruled that therapist Dr. Denise Casey should not be deposed under the circumstances because: 1) Plaintiff is seeking only "garden variety" emotional distress damages; 2) Plaintiff acknowledged that she will be precluded from calling Dr. Casey in support of her claims; and 3) Defendant was appraised of the fact that it could file motions in limine before trial to ensure that Plaintiff does not attempt to back door any damages claims not medically supported.

We agree with Magistrate Judge Denlow's reasoning and conclusions. The record in this case is clear that Plaintiff will not be allowed to bring any claims for "causation or aggravation of any physical condition she may have or may have had, and [that]she agrees not to call any physicians or mental health providers as witnesses" given that she is only seeking "garden variety" emotional distress damages. Further, it is clear that, to the extent that Plaintiff seeks anything different at trial, Defendant is invited to file a motion in limine if it seeks a limitation on what Plaintiff may introduce at trial to prove emotional distress damages.

Moreover, Defendant's attempts to paint this as a credibility issue or an impeachment issue are premature and, in any event, not properly the subject of a discovery motion, as Magistrate Judge Denlow properly determined. It is only if Plaintiff seeks to inject her treatment or symptoms into trial that Defendant should be allowed to then go into her conversations with, or therapy records created by, Dr. Casey.

Finally, the very nature of "garden variety" emotional distress damages contemplates that they are not necessarily medically based, but rather compensation for "humiliation, embarrassment, and similar emotions." *See Nolan v. Int'l Bhd. Of Teamsters Health & Welfare*

3

*Pensions Funds, Local 705*, 199 F.R.D. 272, 276-77 (N.D. Ill. 2001). Therefore, we find that Plaintiff can attest to the humiliation and embarrassment her allegedly sexually hostile work environment and constructive discharge caused her, without ever having seen a single medical provider. Thus, we deny Defendant's request to depose Dr. Casey because Plaintiff is specifically limited to proving only "garden variety" emotional distress damages at trial, and Plaintiff is precluded from calling any medical providers or mental health providers to support her emotional distress damages claims. Moreover, Defendant is provided with protection in the form of motions in limine to prevent efforts by Plaintiff to overreach these limitations.

For these reasons, we uphold the ruling of Magistrate Judge Denlow that Defendants are not entitled to take the deposition of Dr. Casey.

## II. Magistrate Judge's Ruling on Additional Deposition Testimony of Plaintiff

Defendant maintains that Magistrate Judge Denlow erred in not allowing it to continue deposing Plaintiff on issues pertaining to why she was seeing Dr. Casey, what other stressors were going on in her life, and about other relationships she may have had with individuals who were not employed by Defendant.

We find that Magistrate Judge Denlow correctly found that no additional deposition testimony of Plaintiff was necessary. By requesting this additional deposition testimony, Defendant apparently is seeking to obtain information regarding a personal relationship of the Plaintiff. Magistrate Judge Denlow is correct in repeatedly denying these requests due to the invasiveness of such requests. We agree with Magistrate Judge Denlow's reasoning that allowing such discovery "would discourage people from coming forward to bring these kinds of claims if as a result their whole life becomes an open book." None of Defendant's stated reasons

for requiring more deposition testimony of Plaintiff are warranted.

For these reasons, we uphold the ruling of Magistrate Judge Denlow that Defendants are precluded from taking additional deposition testimony of Plaintiff.

III. Magistrate Judge's Ruling on Fees and Costs

Finally, Defendant argues that it should recoup its attorneys' fees and costs for the large amount of time spent on trying to obtain medical records and support for the emotional distress claims. Magistrate Judge Denlow determined that Plaintiff should not be taxed with these attorneys' fees and costs, and we agree with that assessment.

In responding to the interrogatories, Plaintiff noted that medical records from her physicians or mental health provider **may** support her claims for emotional distress. However, after Plaintiff received the medical records from these providers, she determined that these health providers would not support her claim for emotional distress damages and she decided to forgo this claim. It was Defendant who then pursued this issue through motions and objections to rulings seeking to obtain additional discovery from these health providers. Under these circumstances, Plaintiff did not force the Defendant to pursue this issue; the Defendant made that decision itself.

For these reasons, we uphold Magistrate Judge Denlow's ruling denying Defendant attorneys fees and costs due to Plaintiff's withdrawal of her physicians as experts to support her emotional distress damages.

## CONCLUSION

For the foregoing reasons, we deny the objections of Defendant ABT Electronics, Inc. to Magistrate Judge Denlow's Order regarding emotional distress damages. (# 79).

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 14, 2007